UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EDWARD S. WILSON                                                   CIVIL ACTION NO. 13-813

v.                                                                              JUDGE SHELLY D. DICK

M. SERGEANT MARCUS HALE; and                            MAGISTRATE JUDGE
LIEUTENANT CHRIS CARROWAY                               STEPHEN C. RIEDLINGER

### RULING

Before the Court is the Plaintiff's *Motion to Compel*[1] discovery. The Motion is opposed[2]. By *Reply*[3], the Plaintiff narrowed the scope of his *Motion to Compel*.

### I. TRIAL EXHIBITS

In Interrogatory Number 11, Plaintiff calls for a "list [of] any and all evidence which [defendants] may introduce at trial". In a corresponding Request for Production of documents, Plaintiff calls for production of "any exhibits which [defendants] may offer at the trial of this matter". Defendants responded to Interrogatory Number 11 and Request for Production of Documents Number 4 by listing categories of documents, such as "any and all medical records of the Plaintiff" and "pertinent rules and regulations of any penal facility housing the Plaintiff". The Defendants reserved the right to supplement responses in accordance with the Court's *Pretrial Order* and the local rules.

The Defendants provided written responses to Interrogatory Number 11 and produced documents in response to Request for Production Number 4. Defendants are hereby ordered to supplement their response to Interrogatory Number 11 by identifying the "pertinent rules and regulations of any penal facility" which the Defendants may offer as evidence at trial, and to identify "occurrence reports, disciplinary reports, logs,

---

[1] Rec. Doc. 48.
[2] Rec. Doc. 50.
[3] Rec. Doc. 53.

investigations and statements and any other reports, documentation, photographs, surveillance video… produced in connection with the events made a part of this lawsuit". The Defendants are ordered to supplement their response to Interrogatory Number 11 to provide information which will enable the Plaintiff to identify the documents which the Defendants may offer at trial of this matter. Defendants are further ordered to supplement their response to Request for Production Number 4 to produce those exhibits, identified in response to Interrogatory Number 11, which the Defendants may offer at trial of this matter.

## II.     DEFENDANTS' PERSONNEL FILES

Plaintiff calls for the production of the "personnel file for each Defendant, including all use of force reports in disciplinary matters".[4] The Defendants' object on the grounds of an unspecified privilege and on the grounds that "the requested information is seeking inadmissible character evidence". The admissibility of evidence is not the standard for whether or not evidence is discoverable.

If the discovery request may reasonably lead to the discovery of relevant material and admissible evidence it is discoverable. A pattern of indifference by the Defendants would be probative in the Plaintiff's burden of proving deliberate indifference. Hence, to the extent that penal institution disciplinary violations exist relative to these Defendants, the information is discoverable. Objections to admissibility under FRE 404(b), or other rules of evidence, are reserved until the time of trial.

Accordingly, Defendants are ordered to supplement their response to Request for Production Number 10 to produce reports of excessive force or any alleged

---

[4] Request for Production of Documents Number 10.

violations of disciplinary policies and procedures of the penal institution as to these Defendants.

## III.    WITNESS CONTACT INFORMATION

Plaintiff moves to compel contact information (addresses and phone numbers) for fact witnesses identified by the Defendants.  The Defendants oppose the motion to compel on the grounds that all fact witnesses identified in response to the Plaintiff's Interrogatory Number 12 are "current employees with the department of corrections". The Plaintiff's motion to compel the addresses and phone numbers of current department of corrections employees is denied.  Defendants are ordered to provide the full name, and rank if applicable, for each witness identified together with a statement identifying whether the witness is a current or former employee of the department of corrections.   If the witness identified is not an employee of the department of corrections, the Defendants shall supplement its response by providing last known address information.

## IV.    IDENTIFICATION OF TRIAL WITNESSES

Plaintiff requests the identity of "each person [Defendants] may call as a fact witness at trial".[5]   The Defendants object on the grounds that the interrogatory is premature as discovery is ongoing.  The Defendants are ordered to supplement their response to Interrogatory Number 13 on or before the discovery deadline.

## V.    MASTER PRISONER FILES

Plaintiffs call for production of "the master prisoner file for any inmate listed by either party as a witness in this matter".  Plaintiff's motion to compel is denied on the

---

[5] Plaintiff's Interrogatory Number 13.

grounds that the request is overbroad and not reasonably calculated to lead to the discovery of relevant information.

## VI. CONCLUSION

Plaintiff's *Motion to Compel*[6] is granted in part and denied in part. For the foregoing reasons,

(1) Defendants are hereby ordered to supplement their response to Interrogatory Number 11 as outlined above;

(2) Defendants are further ordered to supplement their response to Request for Production Number 4 as outlined above;

(3) Defendants are ordered to supplement their response to request for production number 10;

(4) Defendants are ordered to provide the full name, and rank if applicable, for each witness identified together with a statement as outlined above;

(5) Defendants shall supplement its response to Interrogatory Number 12 by providing last known address information for non-department of corrections employee witnesses; and

(6) Defendants are ordered to supplement their response to Interrogatory Number 13 on or before the discovery deadline.

The Plaintiff's request for sanctions and attorneys' fees is denied.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 21, 2015.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] Rec. Doc. 48.